In the Matter of the Judicial Settlement of the Accounts of GRACE E. HAMLIN and Others, as Executors, etc., of MARY E. DANIELS, Deceased.

MARY K. WELLINGTON, Individually and as Executrix, etc., of GRACE A. WELLINGTON, Deceased, and GEORGE B. WELLINGTON, Appellants; GRACE E. HAMLIN and Others, as Executors, etc., of MARY E. DANIELS, Deceased, Respondents.

Fourth Department, November 20, 1918.

Tax — will — when specific legacies not liable to tax under act of Congress approved September 8, 1916 — statute construed.

Where a testatrix leaving an estate of about $1,000,000 after providing for certain specific legacies left the bulk of the estate under the residuary clause, and the will gave no specific directions respecting the apportionment of taxes or other claims, the specific legacies are not chargeable with a Federal tax under the act of Congress approved September 8, 1916.

The tax under said statute is not upon the property but upon the transfer thereof and is a charge against the estate like any other debt or claim.

APPEAL by Mary K. Wellington, individually and as executrix, and another, from an order and decree of the Surrogate's Court of the county of Erie, entered in the office of said Surrogate's Court on the 20th day of May, 1918.

*George B. Wellington,* for the appellants.

*O'Brian, Donovan, Goodyear & Hellings* [*John Lord O'Brian* of counsel], for the respondents.

KRUSE, P. J.:

Mary E. Daniels, late of the city of Buffalo, deceased, left an estate upwards of $1,000,000. She disposed of the same by will. She provided for certain specific legacies, but the bulk of the estate was left under the residuary clause to trustees for the benefit of her daughter and a grandson for life with remainder over to the children of the grandson. Among other specific legacies she bequeathed the sum of $25,000 to each of three cousins, George B. Wellington, Mary K. Wellington and Grace A. Wellington. Grace A. Wellington has died and her sister, Mary K. Wellington, is the executrix of her will.

A Federal tax of $51,226.96 was imposed on the estate under the act of Congress approved September 8, 1916, and apportioned by the executors among the several beneficiaries. The apportionment was approved by the surrogate. Its correctness is challenged by the Wellingtons, who appeal. The tax was levied according to the progressive rate of the statute based upon the amount of the net estate, but was apportioned upon a flat rate based upon a division of the amount of the net estate by the entire tax.

The appellants contend that none of the tax is chargeable to them, or if it is, they should only be charged according to the rate of the class within which the amount of the legacy falls regardless of the value of the entire net estate. I am of the opinion that the specific legacies are not chargeable upon this accounting with any part of the tax.

The act imposes a tax upon the transfer of the net estate of a decedent of one per centum of the amount of such net estate not in excess of $50,000; two per centum of the amount by which such net estate exceeds $50,000 and does not exceed $150,000, and so on at a progressive rate up to ten per centum of the amount by which such net estate exceeds a designated amount. (39 U. S. Stat. at Large, 777, § 201.)

It provides that the value of the gross estate shall be determined by including the value, at the time of the death

of the decedent, of all property, real or personal, tangible or intangible, wherever situated, to the extent of the interest of the decedent at the time of his death, which after his death is subject to the payment of the charges against his estate, and the expenses of its administration and is subject to distribution as a part of his estate, and covers transfers made in contemplation of, or intended to take effect in possession or enjoyment at or after the death of the decedent, or in the nature of a final disposition or distribution thereof made by the decedent within two years prior to his death, under circumstances therein set forth. (Id. 777, 778, § 202.)

It provides that the value of the net estate shall be determined by deducting funeral expenses, administration expenses, claims and the like, under certain conditions, and provides for an exemption of $50,000. (Id. 778, § 203.)

The tax is due one year after the decedent's death (Id. 778, § 204), and the executor, which term, according to section 200 (Id. 777), includes an administrator and any other person who takes possession of any property of the decedent if there is no executor or administrator, is required, within a certain time therein stated, to give notice to the collector and also to make a return to him (Id. 778, 779, § 205), and the act provides for a sale of the property if the tax is not paid within the time therein stated. (Id. 779, § 208.)

Where a tax is paid by or collected out of property passing to or in possession of a person other than the executor, it provides for reimbursement out of the part still undistributed, or by a just and equitable contribution by persons whose interest in the estate would have been reduced if the tax had been paid before distribution, or whose interest is subject to equal or prior liability for the payment of the taxes, debts or other charges against the estate, and declares it to be the purpose and intent of the act that so far as is practicable, and unless otherwise directed by the will of the decedent, the tax shall be paid out of the estate before distribution. (Id. 779, 780, § 208.)

This is not a direct tax. If it were it would be unconstitutional. (*Matter of Bierstadt*, 178 App. Div. 836.) Neither is it a legacy tax, as was the tax imposed by the Federal act of 1898. (*Knowlton* v. *Moore*, 178 U. S. 41.) It is not a

tax upon the property, but upon the transfer thereof. The net value measures the tax. The title passes from the decedent charged with the tax. The act names it an " estate tax " (See title 2 of the act), and it is a charge against the estate like any other debt or claim. While it is not deducted as an expense in assessing the State transfer tax imposed under the statute of this State, as was held in *Matter of Sherman* (179 App. Div. 502; 222 N. Y. 540), it is none the less a charge against the estate. Even the gross estate, within certain restrictions and limitations, is subject to the lien of the tax. (Id. 780, § 209.)

While the act provides for a just and equitable contribution, as before stated, it does not undertake to lay down any specific rule by which such a determination is to be made. Indeed, the act recognizes the right of the transferor to apportion the tax among the beneficiaries and to charge their respective shares as he may see fit to do.

Here the will gives no specific directions respecting the apportionment of taxes or other claims. It makes certain specific bequests and legacies, closing with a residuary clause disposing of the residue of the estate. The residue of the estate means what is left after the payment of debts and other charges against the estate and of the specific bequests and legacies. There is nothing in the will to indicate that such a tax as this should be apportioned so as to include specific legacies.

I think the appellants' objections are well founded, and that the decree so far as appealed from should be reversed and the matter remitted to the Surrogate's Court for its further action by striking from the account the amount of the Federal tax charged to them, with costs to the appellants payable out of the estate.

All concurred.

Decree, so far as appealed from, reversed, and matter remitted to the Surrogate's Court for further proceedings in accordance with the opinion, with costs to the appellants payable out of the estate.