PRENTISS v. EISNER, Collector of Internal Revenue.

(District Court, S. D. New York. September 22, 1919.)

INTERNAL REVENUE ☞7—AMOUNT OF STATE TRANSFER TAX CANNOT BE DEDUCTED FROM INCOME TAX.

> A transfer tax upon a legacy or distributive share of an estate imposed by the laws of New York is not an imposition upon either the property passing or the right to receive it, but a deduction from the estate of the decedent, and may not be deducted from the net income of the legatee or distributee under Income Tax Act U. S. § 2, B.

At Law. Action by Elizabeth S. Prentiss against Mark Eisner, Collector of Internal Revenue, Third District of New York. On demurrer to complaint. Demurrer sustained.

Sullivan & Cromwell, of New York City (Max Shoop, of New York City, of counsel), for plaintiff.

Francis G. Caffey, U. S. Atty., of New York City (Julian Hartridge, Asst. U. S. Atty., of New York City, of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. This is a demurrer to a complaint whereby the plaintiff seeks to recover income taxes for the year 1913, paid under protest. The objection urged is that the Commissioner refused to allow as a deduction transfer taxes which were paid to the state of New York on December 12, 1913, upon an inheritance which vested June 25, 1913.

Paragraph B, section 2, of the Act of October 3, 1913 (38 Stat. 167, c. 16), provides:

> "That in computing net income for the purpose of the normal tax there shall be allowed as deductions: * * * Third, all national, state, county, school, and municipal taxes paid within the year, not including those assessed against local benefits. * * *"

The Commissioner of Internal Revenue has ruled that:

> "A collateral inheritance tax levied under the laws of the state of New York being, as it is, a charge against the corpus of the estate, does not constitute such an item as can be allowed as a deduction in computing income tax liability to either the estate or a beneficiary thereof."

The plaintiff contends that the New York transfer taxes are excise taxes imposed by the state upon the right to receive an interest in a decedent's estate, and as such are within the deductions allowed by statute. The government, on the other hand, says that these taxes are an appropriation by the state of a portion of the decedent's estate before the remainder vests in the legatee. This latter contention is in accordance with the decision in United States v. Perkins, 163 U. S. 625, at page 630, 16 Sup. Ct. 1073, at page 1075 (41 L. Ed. 287), where the court said:

> "The legacy becomes the property of the United States only after it has suffered a diminution to the amount of the tax, and it is only upon this condition that the Legislature assents to a bequest of it."

---

This decision, which so far as I know has not been questioned, cannot be reconciled with any theory that the tax is based on a right of succession already vested in the legatee.

At the outset we have the important fact that property inherited or transmitted by will is not treated as income in the Income Tax Act, but, on the contrary, is not only not included, but specifically exempted. In other words, in the hands of the legatee, devisee, heir, or distributee such property is capital and not income. Under these circumstances, it would seem inconsistent if charges against this capital, which accrued prior to, or simultaneously with, the devolution of it, could be deducted from income tax returns. Notwithstanding this, the language of the act would apparently make the transfer taxes a necessary deduction, if they are charges against the person receiving the property, or against either the property or the right accruing to him.

The cases are extremely confused and their reasoning is unsatisfactory. It is admitted by them all that the tax is not upon the property itself which is transmitted. To avoid the unconstitutionality of a direct tax upon the property itself which was not apportioned among the states, the Court of Appeals of New York said as to the federal tax of 1898, in Matter of Gihon, 169 N. Y. 443, 62 N. E. 561:

"* * * The full amount of the legacy is in law paid to the legatee, and the deduction made from it and paid to the state or federal government is paid on account of the legatee from the legacy which he receives."

It is argued that the personal liability of the executor or administrator under the New York law for the payment of the tax makes the view taken by the foregoing case erroneous; but, as Judge Cullen there said, the obligation of the executor or administrator to pay the tax is a mere rule of administration to insure its payment, and the imposition of such an obligation affords no proof that the tax is either on the right to transmit or upon the property itself.

I do not think it follows, because the right to transmit or the right to receive the property of a decedent is a privilege granted by the state, and not a common right, that the tax is imposed upon either right. Judge Gray's statement in Matter of Swift, 137 N. Y. 77, 32 N. E. 1096, 18 L. R. A. 709, is an accurate description of what occurs:

"What has the state done, in effect, by the enactment of this tax law? It reaches out and appropriates for its use a portion of the property at the moment of its owner's decease, allowing only the balance to pass in the way directed by the testator, or permitted by its intestate law."

To say that the legatee, devisee, heir, or distributee receives the property without any deduction and then pays the tax is really a most artificial way of viewing the transaction. In the case of personal property he really only gets the balance, with a credit as a matter of convenient bookkeeping to the amount of the tax. In the case of real estate he receives properly speaking an equity. He can pay the tax and get the land freed from the incumbrance, or the state can foreclose the lien and he will receive the balance. In either case the only natural way to treat him is as a recipient of a net amount. The condition of the devolution of the property is the receipt of the transfer tax by the state.

In United States v. Perkins, 163 U. S. 625, 16 Sup. Ct. 1073, 41 L.

Ed. 287, the testator bequeathed his property to the United States. The Supreme Court held that the New York transfer tax was upon the testator's right to dispose of his property, and thus sustained the tax for, if it had been treated as upon any right of succession of the United States, the tax could not have been lawfully imposed. This case has been cited with approval in New York decisions, both under the old and new transfer tax acts.

I have carefully examined the interesting briefs submitted by counsel, and am convinced that the tax cannot properly be regarded as an imposition upon either the property or the right to receive a gross amount of the property of a decedent represented by a legacy, devise, or distributive share, but that the property and the right to receive it passed, reduced by the amount of the tax measured by a percentage of the value of the gross share. It is impossible to reconcile the conflicting expressions in judicial opinions; but this treatment of the situation will, I think, accord with the results reached by the various cases. I can see no substantial difference between the New York Transfer Tax Act (Consol. Laws, c. 60, §§ 220–245) in operation in 1913, and the earlier act, and I do not regard any of the acts as imposing a tax upon the plaintiff's right of succession which is deductible in her income tax return.

The demurrer is sustained.