**590** Matter of Home Trust Co. *v.* Law (Carnegie Estate).

Third Department, March, 1923. [Vol. 204

---

In the Matter of the Application of Home Trust Company, as Executor, etc., of Andrew Carnegie, Deceased, for a Certiorari Order against Walter W. Law, Jr., and Others, Constituting the State Tax Comm'ssion.

Third Department, March 7, 1923.

**Taxation — income tax — transfer tax is deductible under Tax Law, § 360, in determining net income of estate of deceased person.**

In calculating the annual net income of an estate of a deceased person, in order to compute the income tax payable by the estate in a given year, transfer taxes paid by the executor of the deceased person within the year are deductible, under section 360 of the Tax Law, from the annual gross earnings received by the estate.

Certiorari order granted out of the Supreme Court at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 28th day of June, 1922, directed to Walter W. Law, Jr., and others, constituting the State Tax Commission of the State of New York, commanding them to certify and return to said clerk's office all and singular their proceedings had in assessing a tax on the income for the year 1920, received by the petitioner as executor of said deceased.

*Root, Clark, Buckner & Howland* [*Elihu Root, Jr.,* and *Robert P. Patterson* of counsel], for the petitioner.

*Carl Sherman,* Attorney-General [*James S. Y. Ivins* and *Laurence Graves* of counsel], for the respondents.

*Geller, Rolston & Blanc* [*C. Alexander Capron* and *Russell L. Bradford* of counsel] as *amici curiæ* and on behalf of Isabelle W. Tilford and Farmers' Loan and Trust Company, as executors, etc., of Henry Morgan Tilford, deceased.

H. T. Kellogg, Acting P. J.:

The question in the case is whether, in calculating the annual net income of an estate of a deceased person, in order to compute the income tax payable by the estate in a given year, transfer taxes paid by the executor of the deceased person within the year

should be deducted from the annual gross earnings received by the estate.

A tax upon net income, calculated in accordance with a sliding scale of percentages, is annually payable to the State, with certain exceptions, by every resident of the State. (Tax Law, § 351.) This tax is made applicable to estates of deceased persons, and is imposed upon income received by an executor or administrator during the period when the estate is in the course of administration or settlement. (Tax Law, § 365.) Annual net income is determinable by deducting from annual gross income certain charges, including the following taxes paid or accrued: "Taxes other than income taxes paid or accrued within the taxable year imposed, first, by the authority of the United States, or of any of its possessions, or, second, by the authority of any State, or Territory, or any county, school district, municipality, or other taxing subdivision of any State or Territory, not including those assessed against local benefits of a kind tending to increase the value of the property assessed, or, third, by the authority of any foreign government." (Tax Law, § 360.)

The tax thus laid is patterned after the Federal tax imposed upon the net income of individuals. (Revenue Act of 1918, § 210.) That tax was made applicable to estates of deceased persons and is imposed upon the net income of such estates during the process of administration or settlement. (Revenue Act of 1918, § 219.) Moreover, the tax deductions authorized to be made in calculating annual net income are substantially the same under both the Federal and the State law. Thus, in language quite similar to the language quoted from section 360 of the Tax Law, the Revenue Act of 1918, in section 214 thereof, provides, among other things, for the following deductions: "Sec. 214. (a) That in computing net income there shall be allowed as deductions: * * * (3) Taxes paid or accrued within the taxable year imposed (a) by the authority of the United States, except income, war-profits and excess-profits taxes; or (b) by the authority of any of its possessions, except the amount of income, war-profits and excess-profits taxes allowed as a credit under section 222; or (c) by the authority of any State, or Territory, or any county, school district, municipality, or other taxing subdivision of any State or Territory, not including those assessed against local benefits of a kind tending to increase the value of the property assessed; or (d) in the case of a citizen or resident of the United States, by the authority of any foreign country, except the amount of income, war-profits and excess-profits taxes allowed as a credit under section 222; or (e) in the case of a nonresident alien individual, by the authority of any foreign country (except

**592** Matter of Home Trust Co. *v.* Law (Carnegie Estate).

Third Department, March, 1923. [Vol. 204

income, war-profits and excess-profits taxes, and taxes assessed against local benefits of a kind tending to increase the value of the property assessed), upon property or business."

The Revenue Act of 1916, as amended, by section 201 thereof, imposed a tax termed an "estate tax" upon "the transfer of the net estate of every decedent." The question arose in *United States v. Woodward* (256 U. S. 632) whether this tax, when paid by an executor or administrator, was deductible from the income received by the estate during the year of the payment, in order to determine the estate's net income for the year, and to calculate the Federal income tax payable thereupon. It was held that the amount of the estate tax paid was deductible. That case determined, therefore, that the Federal estate tax is a "tax" within the meaning of the quoted provisions of section 214 of the Revenue Act of 1918 authorizing deductions of "taxes paid or accrued within the taxable year;" that such tax is not a tax upon a legacy or legatee; that a payment of the tax by an executor is not a payment on account of the legatee; that the executor is entitled to deduct the tax from estate income for the purpose of determining the income tax of the estate for the year of the payment; that legatees are not entitled to make deduction of any portion of such tax payment from their own personal incomes in order to determine the income tax payable by them. Section 214 of the Revenue Act of 1918, as we have stated, is almost identical in words with section 360 of the Tax Law, and provides for tax deductions which are substantially the same. If, therefore, the tax imposed by section 220 of the Tax Law upon "taxable transfers" and the Federal "estate tax" are taxes of an identical or similar nature, we have in the case of *United States v. Woodward* (*supra*) a very definite precedent for drawing the conclusion that a transfer tax, paid by an executor under the laws of this State during a given year, is deductible from the gross income of the estate for the year, in order to determine the State income tax due from the estate in that year.

The Federal estate tax is a graduated percentage tax imposed "upon the transfer" of the net estate of a decedent. (Revenue Act of 1918, § 401.) The State transfer tax is a tax upon the transfer of property in various cases specified, including cases "when the transfer is by will or by the intestate laws of this State from any person dying seized or possessed thereof while a resident of the State." (Tax Law, § 220.) The estate tax is due one year after the decedent's death. (Revenue Act of 1918, § 406.) The State transfer tax is "due and payable at the time of the transfer." (Tax Law, § 222.) The estate tax is payable by the executor to the collector. (Revenue Act of 1918, § 407.) The State

transfer tax is payable by the executor to the Comptroller of the State or the treasurer of a county and the executor is personally liable therefor until it be paid. (Tax Law, § 224.) The estate tax constitutes a lien for ten years upon the gross estate of the decedent. (Revenue Act of 1918, § 409.) The State Transfer Tax remains a lien upon the property transferred until paid. (Tax Law, § 224.) There are variances between the two laws in respect to the rates charged, the exemptions permitted, the deductions authorized, as well as in other particulars. However, the intrinsic nature and purpose of the tax is the same in either case. Therefore, it seems to me that since the one tax is deductible from gross revenue to determine the taxable net income of an estate under the Federal law, the other tax should be held to be deductible to determine the taxable net income of an estate under the State law.

This view finds support in *Matter of Merriam* (141 N. Y. 479). In that case the question arose whether a bequest of money to the United States was liable to the payment of transfer taxes imposed by the laws of the State of New York upon the devolution or transfer of property by death. It was held that transfer taxes were not laid upon legacies or legatees, and, therefore, that such a tax in the particular instance was leviable though the legatee were the United States. The court said: "This tax, in effect, limits the power of testamentary disposition, and legatees and devisees take their bequests and devises subject to this tax imposed upon the succession of property." The case was carried to the United States Supreme Court, and there decided. It is reported under the title of *United States* v. *Perkins* (163 U. S. 625). In affirming the decision the court said: "In this view, the so-called inheritance tax of the State of New York is in reality a limitation upon the power of a testator to bequeath his property to whom he pleases; a declaration that, in the exercise of that power, he shall contribute a certain percentage to the public use; in other words, that the right to dispose of his property by will shall remain, but subject to a condition that the State has a right to impose. * * * Thus the tax is not upon the property, in the ordinary sense of the term, but upon the right to dispose of it, and it is not until it has yielded its contribution to the State that it becomes the property of the legatee." It follows from the decision that the present New York State transfer tax is not a tax upon legacies or legatees; therefore, that a legatee is not entitled to a deduction of such taxes paid, or any part thereof, in a calculation of his personal net income for income tax purposes. The cases of *Matter of Gihon* (169 N. Y. 443); *Knowlton* v. *Moore* (178 U. S. 41),

**594** MATTER OF HOME TRUST CO. *v.* LAW (CARNEGIE ESTATE).

Third Department, March, 1923. [Vol. 204

and *New York Trust Company* v. *Eisner* (256 id. 345) may seem to furnish reasoning to an opposite conclusion, yet even in *Knowlton* v. *Moore*, Mr. Justice WHITE, writing for the court, stated as follows: " Thus, looking over the whole field, and considering death duties in the order in which we have reviewed them, that is, in the Roman and ancient law, in that of modern France, Germany and other continental countries, in England and those of her colonies where such laws have been enacted, in the legislation of the United States and the several States of the Union, the following appears: Although different modes of assessing such duties prevail, and although they have different accidental names, such as probate duties, stamp duties, taxes on the transaction, or the act of passing of an estate or a succession, legacy taxes, estate taxes or privilege taxes, nevertheless tax laws of this nature in all countries rest in their essence upon the principle that death is the generating source from which the particular taxing power takes its being and that it is the power to transmit, or the transmission from the dead to the living, on which such taxes are more immediately rested." Notwithstanding all authority and judicial opinion which may point to the propriety of making a contrary deduction we feel that the decisions in *United States* v. *Woodward, Matter of Merriam* and *United States* v. *Perkins* (*supra*) more nearly touch the question now under consideration than any other decision, and that the principle of the decisions therein made should be followed.

Aside from authority and theory we think it was the clear legislative intent, as indicated by the various provisions of the Tax Law, that in calculating the net income of the estate of a decedent for income tax purposes, the amount paid by an executor during the year in satisfaction of a transfer tax should be deducted. The income tax payment is made by the executor of the estate from funds of the estate and not from funds belonging to legatees. (*Kings County Trust Company* v. *Law*, 201 App. Div. 181.) The transfer tax payment is made by the executor from the funds of the estate. " The transfer tax is imposed upon the estate of the decedent as it exists at the hour of his death, and its value is to be fixed as of that time." (*Matter of Hubbard*, 234 N. Y. 179.) Thus the tax is measurable not by the funds received by a legatee, but by the funds the executor receives. As the burden of paying the income tax, as well as the burden of paying the transfer tax is cast upon the executor, and as the taxable income of the estate is under the terms of the Tax Law measurable by gross income received less taxes paid, it would seem clear that the person paying the income tax, namely, the executor, is entitled to deduct the very transfer tax which he himself pays. We think, therefore,

that the Tax Commission was in error in not making the deduction in question.

The determination should be reversed and the matter remitted to the Tax Commission for the purpose of making a computation in accordance with this opinion.

KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ., concur.

Determination annulled, with fifty dollars costs and disbursements, and matter remitted to the State Tax Commission for the purpose of making a computation in accordance with the opinion herein.

