## JOHNSON v. KEITH, Late Collector of Internal Revenue.

(District Court, E. D. New York.    September 19, 1923.)

1. **Internal revenue ⟨key⟩7—New York transfer tax deductible in determining tax on income during administration.**

In determining the income tax to be paid under Revenue Act 1916, § 2 (b), being Comp. St. § 6336b, on the income received during the administration of a decedent's estate, the tax paid to the state of New York under the New York Transfer Tax Law, being a tax imposed on and payable by the estate, should be allowed as a deduction, in view of Revenue Act 1916, § 5 (a) (3), as amended by Revenue Act 1917, § 1201 (Comp. St. 1918, § 6336e).

2. **Taxation ⟨key⟩889—New York transfer tax imposed on estate, and not on beneficiary.**

New York transfer tax is a tax imposed on the right to dispose of property, and it is not until the property has yielded its contribution to the state that it becomes the property of the beneficiary, and hence the tax is payable by the estate, and not by the beneficiary.

At Law.   Action by Emma B. Johnson, as administratrix of John G. Johnson, deceased, against Henry P. Keith, late Collector of Internal Revenue for the First Collection District of the State of New York.   On motion for judgment on the pleadings.   Judgment for plaintiff.

Sidney V. Lowell, of Brooklyn, N. Y. (Benjamin Mahler, of New York City, of counsel), for plaintiff.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Nelson T. Hartson, Solicitor of Internal Revenue, of Washington, D. C., of counsel), for defendant.

CAMPBELL, District Judge.   This action comes before the court on a motion for judgment upon the pleadings.   It was brought by the plaintiff against the defendant to recover the sum of $30,985.53, with interest, alleged to have been illegally and erroneously assessed and collected as an income tax upon the estate of John G. Johnson, deceased, under the provisions of the Revenue Act of 1916, as amended by the Revenue Act of 1917 (Comp. St. 1918, § 6336a et seq.).   The complaint alleges:

That John G. Johnson died, a resident of Kings county and a citizen of the state of New York, intestate, on the 24th day of March, 1917, and that letters of administration were granted upon his estate to the plaintiff.   That the defendant, at the times referred to in the complaint, was the collector of internal revenue of the United States for the First district of New York, and acting as such, and was a resident of this district.   That the plaintiff, on March 28, 1918, filed with the defendant her return, as administratrix as aforesaid, of the income received by her as such administratrix from March 26 to December 31, 1917, both dates inclusive, but that she was not allowed to make any deduction in such return for inheritance tax paid by her as such administratrix out of the income of said estate or otherwise during

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the year 1917. That under protest and duress the plaintiff paid the following inheritance taxes:

| | |
|---|---:|
| June 27, 1917, to the state of Colorado | $ 286.72 |
| June 29, 1917, to the state of West Virginia | 232.59 |
| Sept. 4, 1917, to the state of Kentucky | 208.24 |
| Sept. 20, 1917, to the state of New York | 233,044.20 |
| Sept. 20, 1917, to the state of New Jersey | 39,201.18 |
| Making a total of | $273,092.93 |

That also, on September 21 and 22, 1917, said administratrix paid to the state of New York a tax on bonds belonging to the estate in the amount of $1,145. That said inheritance taxes so paid far exceeded the whole income received by the plaintiff from the said estate from March 28 to December 31, 1917, the entire income received, without reduction of said taxes as returned and adjusted, being $164,958. That the amount of income tax upon said sum of $164,958, demanded by the defendant as collector, and paid by the plaintiff as administratrix, was $30,985.53. That such payment was made solely to avoid the imposition of penalties in case of nonpayment of said income tax, and distraint and sale of the goods, chattels, and credits that were of said estate, and that said payment was made under protest, and that the same was demanded, collected, and received by the defendant without lawful authority so to do. That on June 10, 1921, the plaintiff made and filed with the collector of internal revenue for the First collection district of New York a claim in writing for refund of the amount so paid, the same after verification to be forwarded by said collector to the Commissioner of Internal Revenue, and that said collector made such verification and forwarded said claim to the Commissioner on June 8, 1919. That said claim for refund was made in all respects in accordance with the laws and regulations of the department, that said Commissioner has made no decision upon said claim, and that more than six months have elapsed since the said claim was forwarded by the collector to the said Commissioner. That no part of the said sum has been repaid to the plaintiff, and the necessary allegations showing the jurisdiction of this court.

To said complaint the defendant has demurred on the ground that the same does not state facts sufficient to constitute a cause of action. The sole question which has been argued before me is whether the amount paid to the state of New York for inheritance tax should have been allowed as a deduction in determining the income tax, if any, to be levied for the described portion of the year 1917.

[1] The plaintiff did not deem it necessary to argue for the allowance as a deduction of the amounts paid for inheritance taxes due the other states, as the amount paid to the state of New York alone was far in excess of the amount of said income tax, and if the same was allowed as a deduction would more than wipe out the whole income tax. Section 2 (b) of the Revenue Act of 1916 (39 Stat. 756 [Comp. St. § 6336b]) provides:

"Income received by estates of deceased persons during the period of administration or settlement of the estate, shall be subject to the normal and additional tax and taxed to their estates, and also such income of estates or

any kind of property held in trust, including such income accumulated in trust for the benefit of unborn or unascertained persons, or persons with contingent interests, and income held for future distribution under the terms of the will or trust shall be likewise taxed, the tax in each instance, except when the income is returned for the purpose of the tax by the beneficiary, to be assessed to the executor, administrator, or trustee, as the case may be: Provided, that where the income is to be distributed annually or regularly between existing heirs or legatees, or henficiaries the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed.

"Such trustees, executors, administrators, and other fiduciaries are hereby indemnified against the claims or demands of every beneficiary for all payments of taxes which they shall be required to make under the provisions of this title, and they shall have credit for the amount of such payments against the beneficiary or principal in any accounting which they make as such trustees or other fiduciaries."

Section 5 (a) (3) of the Revenue Act of 1916 (39 Stat. 756), as amended by section 1201 of the Revenue Act of 1917 (40 Stat. 330 [Comp. St. 1918, § 6336e]), provides:

"Sec. 5. That in computing net income in the case of a citizen or resident of the United States—

"(a) For the purpose of the tax there shall be allowed as deductions—

"Third. Taxes paid within the year imposed by the authority of the United States (except income and excess profits taxes) or of its territories, or possessions, or any foreign country, or by the authority of any state, county, school district, or municipality, or other taxing subdivision of any state, not including those assessed against local benefits."

From the foregoing quotations from the statutes it appears that all taxes paid by the estate during the year, except income and excess profits taxes and local improvement assessments, were allowable as deductions, and, as inheritance taxes did not come within these exceptions, they should, if paid by the estate, have been allowed as deductions, in which event no income tax would have been assessed, as the amount paid for the New York transfer tax within the year exceeded the income tax assessed. United States v. Woodward, 256 U. S. 632, 41 Sup. Ct. 615, 65 L. Ed. 1131. The income reported and on which the tax was assessed was the income received during the administration of the estate, and was not income reported by a beneficiary or income to be distributed annually between persons entitled thereto.

The question presented therefore is: Were the inheritance taxes alleged in the complaint in this action to have been paid to the state of New York imposed upon and paid by the estate, and therefore allowable to it as a deduction, or were they, as the defendant contends, imposed upon and payable by the beneficiary, and not by the estate, but in the instant case paid by the plaintiff for the benefit of the beneficiaries, and allowable as deductions to the beneficiaries only, and not to the estate.

[2] The inheritance tax assessed by the state of New York, under the law as it existed both before and after the amendment of 1916 (now known as the Transfer Tax Law [Consol. Laws, c. 60, §§ 220–245]) is not a tax on the property, in the ordinary sense of the term, but upon the right to dispose of the property, and it is not until it has yielded its contribution to the state that it becomes the property of the benefici-

ary. United States v. Perkins, 163 U. S. 625, 16 Sup. Ct. 1073, 41 L. Ed. 287; Prentiss v. Eisner (D. C.) 260 Fed. 589, affirmed (C. C. A.) 267 Fed. 16, certiorari for appeal refused 254 U. S. 647, 41 Sup. Ct. 15, 65 L. Ed. 455; Matter of Swift, 137 N. Y. 77, 32 N. E. 1096, 18 L. R. A. 709; Matter of Merriam's Estate, 141 N. Y. 479, 36 N. E. 505; Matter of Sherman's Estate, 179 App. Div. 497, 166 N. Y. Supp. 19, affirmed 222 N. Y. 540, 118 N. E. 1078; Matter of Hamlin, 185 App. Div. 153, 172 N. Y. Supp. 787, affirmed 226 N. Y. 407, 124 N. E. 4, 7 A. L. R. 701; Matter of Hazard's Estate, 188 App. Div. 869, 177 N. Y. Supp. 369.

The New York inheritance tax is not imposed upon the beneficiary, and is not payable by the beneficiary. United States v. Perkins, supra; Prentiss v. Eisner, supra; Matter of Swift's Estate, supra; Matter of Merriam's Estate, supra. While there are variances between the federal Estate Tax and the New York Transfer Tax Laws in respect to rates charged, the exemptions permitted and the deductions authorized, as well as in other particulars, the intrinsic nature and purpose of the tax is the same in each case, and has been so held by the New York state court, which allowed the transfer tax paid by an estate to be deducted in determining the estate's income tax under the state laws. Home Trust Co. v. Law et al., State Tax Commissioners, 204 App. Div. 590, 198 N. Y. Supp. 710, affirmed by the N. Y. Court of Appeals without opinion, 142 N. E. 303.

There are but two entities to be considered in determining upon whom the tax is imposed and by whom it is payable, to wit, the estate and the beneficiary, and the cases hereinbefore cited show that the New York transfer tax is the same in essentials as the federal estate tax, and also that the New York transfer tax is not imposed upon or payable by the beneficiary; therefore it logically follows that the New York transfer tax is imposed upon and payable by the estate. The New York transfer tax alleged in the complaint was paid by the estate, and not by the beneficiary, and therefore could not have been claimed by the beneficiary as a deduction in determining his or her income tax, but should have been allowed as a deduction to the estate. The amount paid for the New York transfer tax having been greater than the whole income of the estate during the time specified, no income tax should have been imposed on the estate.

The demurrer of the defendant is overruled, and the motion of the plaintiff for judgment on the pleadings is granted. Settle order on notice.