## WATJEN et al. v. LOUISVILLE TOBACCO WAREHOUSE CO.

(Circuit Court of Appeals, Sixth Circuit. December 14, 1923.)

No. 3892.

1. Trial ⊙═203(1)—Instructions should submit each distinct issue.

Where plaintiff relied on an express and also on an implied warranty, the instructions should distinctly submit the issue on each.

2. Corporations ⊙═433(1)—Evidence of agent's authority to make sale also evidence of his authority to give warranty sufficient to go to jury.

Proof that one who made a sale of tobacco by sample for a warehouse company was general manager of the warehouse, with authority generally to make sales, tends to show that he had authority to warrant that the samples were true samples, and is sufficient to require submission of that question to the jury.

3. Customs and usages ⊙═5—Custom must be so universal as presumptively to have been known to parties.

It is of the essence of a custom, to be imported into a contract, that it is so universal as to raise a presumption that the parties had it in mind and contracted with reference to it.

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court for the Western District of Kentucky; Walter Evans, Judge.

Action at law by George W. Watjen and others against the Louisville Tobacco Warehouse Company. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

Wm. Marshall Bullitt, of Louisville, Ky. (Leo T. Wolford and Bruce, Bullitt & Gordon, all of Louisville, Ky., on the brief), for plaintiffs in error.

Edward P. Humphrey, of Louisville, Ky. (Alex P. Humphrey, Chas. W. Milner, and Humphrey, Crawford & Middleton, all of Louisville, Ky., on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. Upon the first trial of this case a verdict was directed for the defendant below, the present defendant in error. This judgment was reversed by this court. Watjen v. Louisville Co., 240 Fed. 919, 153 C. C. A. 605. Since then there have been three trials, two resulting in disagreement and the last in a verdict for the defendant. The plaintiff now challenges the rulings and instructions of the trial court which permitted this result.

The facts are fully enough stated in the former opinion. The evidence in the present record does not substantially differ from that in the other, save by what has been added upon the subject of custom or usage. The former opinion establishes, as the law of the case from which we have no inclination to depart, that the sale was one by sample and was therefore accompanied by an implied warranty, unless the defendant could successfully avoid the application of that rule to this transaction; that the Exchange rule (by-law 7) did not of itself constitute such an avoidance, because it did not, of its own force, apply to private sales; and that such avoidance could be effected only by a showing that there was a custom or usage raising a violent presumption that this sale was made under and with reference to that rule, just as if it had been at auction.

[1] Since the evidence of a serious breach of the alleged warranty and a serious loss therefrom seems not to have been directly questioned, the most vital question was as to the existence of the warranty. The plaintiff claims an express warranty, as well as the one implied by law. The former could be found to exist only if the plaintiff's evidence was sufficient to satisfy the burden of proof; the latter would exist unless the defendant's evidence was sufficient to show the overruling custom. Only if the defendant overcame the plaintiff's prima facie case arising from the sale by sample, would it be necessary to take up the question of an express warranty. Without discussing the charge in detail, we cannot think that these alternatives were put to the jury as clearly and sharply as they should have been, and as they were asked for in the defendant's requests to charge which were refused, except as embodied in the general charge. Indeed, the charge does not distinctly, if at all, allow a verdict for plaintiff to be based upon an express warranty.

[2] Defendants say that, even if the theory of express warranty was not sufficiently put to the jury, the error would be nonprejudicial, because there was no evidence that Henry had authority so to bind the defendant. We cannot agree to this view. He was the general manager of the warehouse for the defendant, and generally authorized to make sales for it. He was plainly empowered to tender to purchasers samples of the tobacco which defendant had for sale, and, if so, the authority would naturally be implied to represent that they were true samples, and by that representation to induce the sale which was here consummated. The same evidence which tends to show the express warranty tends to show its importance as an inducement, and certainly, if it did in fact lead to a sale, the principal cannot affirm the sale and repudiate the means by which the agent made it. It is quite clear, as it was distinctly held on the former appeal, that plaintiff is entitled to go to the jury upon the theory of an express warranty by Henry, and is entitled to have clear instructions based on that theory.

There is in the charge an implication that there might be a liability through an express warranty, the implication coming from instructions on the question whether any warranty by Henry was intended as one by the defendant through him, or one by him personally as the owner of the tobacco. We find nothing to support the latter alternative. There are vague indications that Henry was personally interested in some of the tobacco sold; none that the buyers knew it at the time, or that to them he then represented any one except the defendant. Under these conditions, it is not important whether Henry said, "The samples are guaranteed," or, "I guarantee the samples," if he said either. This part of the charge we think was prejudicial.

[3] These considerations necessitate a new trial; but we should refer further to the proof of custom. Here was a rule to the effect that the vendor, the warehouseman, in a sale by a sample, should not be liable if the bulk failed to be of like quality, but that the liability should be shifted to the inspector. We decided that this rule did not reach this transaction. Defendant then undertook to show the custom that all similar sales were made subject to that rule, and hence it should be imported into this sale. It is of the essence of such a custom, so to be imported into a contract, that it shall be so universal as to raise a presumption that the parties had it in mind and contracted with reference to it. Whether such universality appears is a question of fact, if there is conflict in the evidence. The most that can even be claimed for the evidence for the defendant here is that it tends to show this universality.

Plaintiff insists that the uncontradicted evidence shows lack of the necessary universal character. We are not inclined to pass upon this question, because the evidence may be different upon another trial, and especially because we see, on the present record, no way to answer another objection to the inference that such a custom existed. The essence of it was to shift liability from the vendor to the inspectors. Under the rules, the inspectors did not carry this substituted liability on private sales, and no custom could put it on them without their consent and acquiescence. The evidence shows nothing in this direc-

tion. Indeed, this rule of substitution contemplated liability upon the official bond given by the inspectors. The bond would not indemnify against their misconduct on a private sale, and it could not be made to do so without the sureties' consent.

It must further be observed that no one can think merely of the private sales themselves and intelligently testify that they were customarily made subject to by-law 7. That would be to read the mind of the parties regarding something that did not usually occur. The vital question was whether there was a custom, as to private sales where reclamations or damage claims arose, by which these claims were prosecuted against the inspectors alone.

The judgment will be reversed, and the case remanded for new trial. Our conclusions are those of a majority of the court.