## APPEAL OF EDGAR MUNSON, EXECUTOR OF THE ESTATE OF HARRIET A. CURTIS, DECEASED.

Docket No. 442.  Submitted January 17, 1925.  Decided December 1, 1925.

> The New York State transfer tax paid by the executor of the estate of a decedent is a legal deduction from gross income in the income-tax return filed for the decedent's estate in the process of settlement for the year in which such tax was paid, under the provisions of section 214 (a) (3) of the Revenue Act of 1918.

*Russell L. Bradford, Esq.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before LANSDON, LITTLETON, and SMITH.

This appeal is from the determination of a deficiency of $3,036.03 in income tax, for the year 1920, of the estate of Harriet A. Curtis, deceased.  From the pleadings and documentary evidence introduced, the Board makes the following

### FINDINGS OF FACT.

Edgar Munson is the sole surviving executor of the estate of Harriet A. Curtis, deceased.  As such executor he made an income-tax return for the estate for the year 1920, which showed a total income of $30,196.47.  From the gross income the executor claimed a deduction of $33,611.45, which represents the amount of the New York State transfer tax paid by him as executor of the estate of the decedent to the Comptroller of the State of New York on July 23 and July 24, 1920.  The return showed no net income.  The Commissioner amended the return by disallowing the deduction of the $33,611.45 transfer tax paid.  The deficiency in tax is due to such disallowance.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

### OPINION.

SMITH: This appeal raises the single question of the right of an estate in the process of settlement in 1920 to deduct from the gross income shown in an income-tax return of the estate for 1920 the New York transfer tax paid by the executor during the year. In accordance with the provisions of section 219 of the Revenue Act of 1918, the executor of the estate of Harriet A. Curtis, deceased, filed an income-tax return of the income of the estate for which he was acting for the calendar year 1920 and deducted from

the gross income $33,611.45, which is the amount of the New York transfer tax paid by him on July 23 and July 24, 1920. This deduction was made under the provisions of section 214 (a) of the Revenue Act of 1918, which permits the deduction from gross income of

(3) Taxes paid or accrued within the taxable year imposed * * * (c) by the authority of any State or Territory * * * not including those assessed against local benefits of a kind tending to increase the value of the property assessed * * *.

The Commissioner has disallowed the deduction on the ground that the New York transfer tax is imposed not upon the estate of the decedent but upon the heirs, legatees, or devisees; that the tax which is paid by the administrator or executor is paid by him only as agent; and that the tax is a legal deduction from the gross income of the distributees only for whom it is paid. (I. T. 1474; C. B., I–2, p. 103.)

The New York transfer tax is imposed by section 220, *et seq.*, of the New York Tax Law. In section 220 it is provided:

A tax shall be and is hereby imposed upon the transfer of * * * property * * * to persons or corporations in the following cases, * * *

1. When the transfer is by will or by the intestate laws of this state * * *

4. When the transfer is * * * by deed * * * intended to take effect in possession or enjoyment at or after such death. * * *

8. The tax imposed hereby shall be upon the clear market value of such property at the rates hereinafter prescribed.

Section 224 of the tax law reads in full as follows:

224. LIEN OF TAX AND COLLECTION BY EXECUTORS, ADMINISTRATORS AND TRUSTEES.—Every such tax shall be and remain a lien upon the property transferred until paid and the person to whom the property is so transferred, and the executors, administrators and trustees of every estate so transferred shall be personally liable for such tax until its payment. Every executor, administrator or trustee shall have full power to sell so much of the property of the decedent as will enable him to pay such tax in the same manner as he might be entitled by law to do for the payment of the debts of the testator or intestate. Any such executor, administrator or trustee having in charge or in trust any legacy or property for distribution subject to such tax shall deduct the tax therefrom and shall pay over the same to the state comptroller or county treasurer, as herein provided. If such legacy or property be not in money, he shall collect the tax thereon upon the appraised value thereof from the person entitled thereto. He shall not deliver or be compelled to deliver any specific legacy or property subject to tax under this article to any person until he shall have collected the tax thereon. If any such legacy shall be charged upon or payable out of real property. the heir or devisee, shall deduct such tax therefrom and pay it to the executor, administrator or trustee, and the tax shall remain a lien or charge on such real property until paid; and the payment thereof shall be enforced by the executor, administrator or trustee in the same manner that payment of the legacy might be enforced, or by the

district attorney under section two hundred and thirty-five of this chapter. If any such legacy shall be given in money to any such person for a limited period, the executor, administrator or trustee shall retain the tax upon the whole amount, but if it be not in money, he shall make application to the court having jurisdiction of an accounting by him, to make an apportionment, if the case require it, of the sum to be paid into his hands by such legatees, and for such further order relative thereto as the case may require.   (Thus amended by L. 1921, chap. 476, in effect July 1, 1921.)

The obligation for the payment of the tax is placed upon the executor, administrator, or trustee.   He is authorized to sell so much of the property of the decedent as will enable him to pay the tax in the same manner as he 'might be entitled by law to do for the payment of the debts of the testator or intestate.   If a legacy be money, the executor shall deduct from the legacy such portion of the transfer tax paid or payable by him as is properly apportionable to the legacy; if the legacy is in some other form of personal property than money, the executor shall collect from the legatee the amount of the transfer tax properly apportionable to the legacy and shall not pay over to the legatee the bequeathed property until the transfer tax has been paid; if the testator has devised real property, the executor shall collect from the devisee the portion of the total transfer tax properly apportionable to the real estate in question, and the tax shall remain a lien upon the real property until it is paid.   If the decedent is an intestate, the transfer tax is collected from the heirs in a similar manner.

Is the New York transfer tax thus payable by the executor, administrator, or trustee such a tax as is comprehended by the words " taxes paid or accrued," contained in section 214 (a) (3) of the Revenue Act of 1918?   These words are comprehensive.   They include all taxes except those specifically excepted.   In *United States v. Woodward* (1921), 256 U. S. 632, 634, the United States Supreme Court said, relative to the words " taxes paid or accrued within the taxable year," as follows:

This last provision is the important one here.   It is not ambiguous, but explicit, and leaves little room for construction.   The words of its major clause are comprehensive and include *every* tax which is charged against the estate by the authority of the United States.   The excepting clause specifically enumerates what is to be excepted.   The implication from the latter is that the taxes which it enumerates would be within the major clause were they not expressly excepted, and also that there was no purpose to except any others. Estate taxes were as well known at the time the provision was framed as the ones particularly excepted.   (Italics ours.)

At the time of the enactment of the Revenue Act of 1918, the New York transfer tax was as well known as the Federal estate tax; the latter was not enacted until September 8, 1916, whereas the New York transfer tax has been upon the statute books continuously from 1885.   We do not think that it can be doubted that the New

York transfer tax is a tax comprehended by the words "taxes paid," as used in section 214 (a) (3) of the Revenue Act of 1918.

If the New York transfer tax is deductible from the gross income of some taxpayer, from the gross income of what taxpayer is it deductible? It clearly is not deductible from the gross income of the decedent, for it was neither paid nor accrued during the decedent's lifetime. Is it deductible from the gross income of the beneficiary of the estate or is it deductible from the gross income of the estate as a taxable entity when paid by the executor, administrator, or trustee during the period of settlement? The Commissioner formerly held that the tax was not a legal deduction from the gross income of a legatee or beneficiary. This was upon the theory that the amount paid as transfer tax was not in reality a *tax*. The question whether it was deductible from the gross income of the legatee or beneficiary was before the courts in the case of *Prentiss* v. *Eisner*, 260 Fed. 589, affd. 267 Fed. 16. The higher court held that the New York transfer tax was not a deduction from the income of the legatee of an estate, on the ground that it was not paid by the legatee nor was the tax paid on his or her behalf. It held that the New York transfer tax is one imposed upon the right to dispose of property. This was in accordance with the decision of the United States Supreme Court in the case of *United States* v. *Perkins*, 163 U. S. 625, and the court said that, until the Court of Appeals of New York took a different view of the New York transfer tax from that taken by the Supreme Court of the United States in the above-mentioned case, it would follow that decision. A writ of certiorari for a review of the decision of the circuit court of appeals in the case of *Prentiss* v. *Eisner* was denied by the United States Supreme Court in 254 U. S. 647.

Thereafter the United States Supreme Court rendered its decision in *United States* v. *Woodward, supra,* and held that the Federal estate tax was a *tax* within the meaning of the words " taxes paid," contained in section 214 (a) (3) of the Revenue Act of 1918. Thereupon, the Commissioner reached a conclusion that the New York transfer tax was also a tax deductible from gross income in an income-tax return, but held that it was deductible from the gross income of the beneficiary and not from the gross income of an estate in process of settlement (I. T. 1474, C. B., I-2, p. 103), thus rejecting the decision of the courts in *Prentiss* v. *Eisner, supra.*

In the *Matter of Merriam*, 141 N. Y. 479, the question of the nature of the transfer tax was squarely raised in New York. The decedent, William W. Merriam, bequeathed his estate to the United States and the question arose, naturally, whether the State of New York could levy a tax on the transfer to the United States. It was held by the court of appeals that the tax as imposed was rightly exacted. In the course of its opinion the court said (p. 484):

This tax, in effect, limits the power of testamentary disposition, and legatees and devisees take their bequests and devises subject to this tax imposed upon the succession of property. This view eliminates from the case the point urged by the appellant, that to collect this tax would be in violation of the well-established rule that the State can not tax the property of the United States. Assuming this legacy vested in the United States at the moment of testator's death, yet, in contemplation of law, the tax was fixed on the succession at the same instant of time. This is not a tax imposed by the state on the property of the United States. The property that vests in the United States under this will is the net amount of its legacy after the succession tax is paid.

This case was appealed to the United States Supreme Court under title of *United States* v. *Perkins*, 163 U. S. 625, 628, and that court upheld the right of the State of New York to impose the tax, saying:

Thus the tax is not upon the property, in the ordinary sense of the term, but upon the right *to dispose of it.* * * * (Italics ours).

After tracing the right of the State to impose restrictions on the transfer of property by descent or distribution, both in the common law and subsequent to the Statute of Wills enacted in the reign of Henry VIII, the court said (p. 628):

In this view, the so-called inheritance tax of the State of New York is in reality a *limitation upon the power of the testator* to bequeath his property to whom he pleases; a declaration that, in the exercise of the power, he shall contribute a certain percentage to the public use; in other words, that the right to dispose of his property by will shall remain, but subject to a condition that the State has a right to impose. Certainly, if it be true that the right of testamentary disposition is purely statutory, the State has a right to require a contribution to the public treasury *before the bequest shall take effect.* Thus the tax is not upon the property, in the ordinary sense of the term, *but upon the right to dispose of it,* and it is not until it has yielded its contribution to the State that it becomes the property of the legatee. (Italics ours).

The Court of Appeals of the State of New York, as late as October 24, 1922 (234 N. Y. 175) in the *Matter of Hubbard*, in speaking of the New York transfer tax, said:

The transfer tax is imposed upon the estate of the decedent as it exists at the hour of his death, and its value is to be fixed as of that time.

We are not unmindful of the fact that there are a number of decisions of the courts of the State of New York which speak of the New York transfer tax as a tax upon the legatee or beneficiary. Thus, in the case of *In re Gihon's Estate*, 169 N. Y. 433; 62 N. E. 561, the court said:

The federal tax [section 29 of the Revenue Act of June 13, 1898] is exactly of the same nature as the state tax—a tax not on property, but on succession: that is to say, a tax on the legatee for the privilege of succeeding to property. *Knowlton* v. *Moore*, 178 U. S. 41, 20 Sup. Ct. 747, 44 L. Ed. 969. The federal tax is necessarily of this character; for a direct tax, unless apportioned according to population, would be repugnant to the constitution of the United States. Under that statute, also, it is the amount of the legacy, not of the estate, that determines the rate of taxation. *Therefore, though the admin-*

*istrator or executor is required to pay the-tax, he pays it out of the legacy for the legatee, not on account of the estate.* The requirement of the statute that the executor or administrator shall make the payment is prescribed to secure such payment, because the government is unwilling to trust solely to the legatee. No one questions that where a legacy is given for a specified amount the tax must be deducted from the amount of the legacy and the balance only given to the legatee. A testator may direct that the tax on a particular legacy shall be paid out of his estate; nevertheless, in reality, the tax is still paid out of the legacy, the effect of the direction of the testator being merely to increase the legacy by the amount of the tax.  *  *  *  The full amount of the legacy is in law paid to the legatee, and· the deduction made from it and paid to the state or federal government is paid on account of the legatee from the legacy which he receives.  *  *  *  *(Italics ours).*

This decision was under consideration by the United States Circuit Court of Appeals in the case of *Prentiss* v. *Eisner*, 267 Fed. 16, and the court said relative to it and other cases:

We admit that the New York cases on the subject of taxable transfers are confused and not always clear and consistent. But, until the New York Court of Appeals authoritatively states that the law of New York is not what the Supreme Court of the United States said it was in the *Perkins Case,* this court has no alternative but to hold that the New York Transfer Tax Act does not impose a tax on a legatee's right of succession which is deductible in her income tax return. The legacy which the plaintiff herein received under the will of her father did not become her property until after it had suffered a diminution to the amount of the tax, and the tax that was paid thereon was not a tax paid out of the plaintiff's individual estate, but was a payment out of the estate of her deceased father of that part of his estate which the state of New York had appropriated to itself, which payment was the condition precedent to the allowance by the state of the vesting of the remainder in the legatee.

In *Home Trust Co.* v. *Law* (1923), 204 App. Div. 590, affirmed by the court of appeals without opinion, 236 N. Y. 607, the question of the character of the New York transfer tax was squarely presented to the appellate division of the Supreme Court of New York. The question in issue was whether the New York transfer tax paid by the executor of an estate in process of settlement was deductible from the gross income of the estate in the State income-tax return filed for the estate by the executor. The New York State income-tax law was patterned after the Federal income-tax law, and in all respects here material was the same as the Federal income-tax law. The appellate division held that the transfer tax was imposed upon the estate and was therefore deductible from the gross income of the estate in process of settlement. As above indicated, this decision of the lower court was approved without a written opinion by the highest court of the State of New York.

As above noted, the United States Circuit Court of Appeals, in *Prentiss* v. *Eisner*, *supra*, stated that it had no alternative but to hold that the New York transfer tax does not impose a tax upon a legatee's right of succession which is deductible in the legatee's

income-tax return unless or until the New York Court of Appeals authoritatively states that the law of New York is not what the Supreme Court said it was in the *Perkins Case, supra*. Since that time the New York Court of Appeals has held not that the New York transfer tax is otherwise than what it was construed to be in the *Perkins case*, but has put its stamp of approval upon the proposition that the tax is on the right of the decedent to dispose of property by will or to transfer title to his heirs-at-law in case the decedent was an intestate. It is a cardinal principle of statutory construction that the interpretation of a State statute by the highest court of that State is controlling upon the Federal courts. *Massingill* v. *Downs* (1849), 7 How. 760; *Des Moines National Bank* v. *Fairweather* (1923), 263 U. S. 103; *Cudahy Packing Co.* v. *Parramore* (1923), 263 U. S. 418.

The exact question in point in the appeal at bar has been decided in the case of *Johnson* v. *Keith*, 294 Fed. 964. In that case the United States District Court for the Eastern District of New York held that the New York transfer tax is a tax imposed on the right to dispose of property and that it is not until the property has yielded its contribution to the State that it becomes the property of the beneficiary, and hence that the tax is payable by the estate, and not by the beneficiary. This case was appealed to the United States Circuit Court of Appeals for the Second Circuit and, on November 21, 1924, the decision of that court was handed down affirming the decision below. The circuit court of appeals in this case said:

> The case at bar therefore turns on whether the New York inheritance tax is "imposed" on him. At least, if it is so imposed, section 5 covers him. That is a question of New York law, and we are bound by the decisions of the New York Court of Appeals on that question. *Keith* v. *Johnson*, 3 Fed. (2d) 361.

We have carefully considered the arguments of the Commissioner to the effect that the New York transfer tax paid by an executor is not a legal deduction from the gross income of the estate in an income-tax return filed for the estate during the period of settlement. His principal argument appears to be based upon language used by the United States Supreme Court in the case of *New York Trust Co.* v. *Eisner*, 256 U. S. 345. That court held that the New York inheritance tax was not a deduction in calculating the net estate liable to the Federal estate tax. In commenting upon this case the United States Circuit Court of Appeals for the Second Circuit, in *Keith* v. *Johnson, supra*, decided on November 21, 1924, said:

> That case turned on the meaning of section 203 (a) (1) of the Act of 1916, especially the words " such other charges against the estate as are allowed by

the laws of the jurisdiction * * * under which the estate is being administered." It is quite true that the reason given was that inheritance taxes were "taxes on the right of individual beneficiaries," and for that reason not "charges that affect the estate as a whole." Literally the first clause quoted contradicts *U. S.* v. *Perkins, supra*, but the cases may be reconciled by understanding that the "charges" intended are only such as are imposed on the executor as successor *stricti juris*, like the income tax itself, and not such as arise because he must distribute the estate, as is the inheritance tax. There was reason to impute such a distinction to Congress, since the income tax is collected yearly, while the inheritance tax is levied once and for all. Both sovereigns might well insist upon an exaction on the whole estate for the privilege of its transfer.

We are of the opinion that the decision of the United States Supreme Court in *New York Trust Co.* v. *Eisner, supra*, is not controlling in the appeal at bar. Cf. *Appeal of Farmers Loan & Trust Co.*, 3 B. T. A. 97.

PHILLIPS concurs in the result only.