## KEITH v. JOHNSON.*

(Circuit Court of Appeals, Second Circuit.
November 21, 1924.)

### No. 69.

**Internal revenue ⊙=7 — New York transfer tax paid deductible in computing taxable income of estate.**

In determining the income tax on the estate of a decedent, under Revenue Act 1916, § 2(b), being Comp. St. § 6336b, the tax paid by the administrator of personal property under the Transfer Tax Law of New York is deductible from the income of the estate for the year in which such tax is paid.

In Error to the District Court of the United States for the Eastern District of New York; Marcus B. Campbell, Judge.

Action by Emma B. Johnson, administratrix of the estate of John B. Johnson, deceased, against Henry P. Keith, late Collector of Internal Revenue. Judgment for plaintiff, and defendant brings error. Affirmed.

For opinion below, see 294 F. 964.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Nelson T. Hartson and Thomas H. Lewis, Jr., both of Washington, D. C., and Wm. A. De Groot, of Brooklyn, N. Y., of counsel), for plaintiff in error.

Sidney V. Lowell, of Brooklyn, N. Y. (B. Mahler, Harrison Tweed, and Murray, Aldrich & Roberts, all of New York City, of counsel), for defendant in error.

Before HOUGH and MANTON, Circuit Judges, and LEARNED HAND, District Judge.

LEARNED HAND, District Judge. The action is to recover from the collector of taxes the amount of a tax paid under protest. The defendant demurred to the complaint. The District Judge overruled the demurrer and gave judgment for the plaintiff. The case was thus:

The defendant died on March 24, 1917, and the plaintiff, his administratrix, filed an income tax return for the period of her administration in that year, from March 26th to December 31st, deducting the inheritance tax paid to the state of New York, which extinguished the whole income. The deduction was disallowed, and the plaintiff was taxed $30,985.53, which she was forced to pay. For the purposes of the case it is agreed that all the intestate's estate may be regarded as personal property.

Section 2 (b) of the federal Revenue Act of 1916 (Comp. St. § 6336b) declares that the income of decedent's estates shall be subject to the income tax "and taxed to their estates * * * to be assessed to the executor or administrator." Section 5 (Comp. St. § 6336e) of the same act provides that "in computing the net income in the case of a citizen or resident of the United States" there may be deducted "taxes paid within the year imposed * * * by the authority of any state," which must mean imposed on the citizen in question. Since there is no special section providing for deductions allowed to decedent's estates, this section must cover these as well as living persons. As section 2 (b) assesses the tax against the executor personally, he is the "citizen or resident" of section 5 who may deduct the state tax. The case at bar therefore turns on whether the New York inheritance tax is "imposed" on him. At least, if it is so imposed, section 5 covers him. That is a question of New York law, and we are bound by the decisions of the New York Court of Appeals on that question.

The New York inheritance tax is imposed by section 220 of the Tax Law (Consol. Laws N. Y. c. 60) on "the transfer of property." This is ambiguous in respect of its incidence, but section 224 enacts that the tax shall be "a lien upon the property transferred * * * and the executors * * * of every estate so transferred shall be personally liable for such tax until its payment." We think that in principle under this provision the tax is "imposed" on the executor, and that it was so ruled in Home Trust Co. v. Law, 204 App. Div. 590, 198 N. Y. S. 710, affirmed in 236 N. Y. 607, 142 N. E. 303. There the New York inheritance tax was allowed as a deduction from the New York income tax upon a decedent's estate, under section 360 (subdivision 2), which follows verbatim section 5 of the federal Revenue Act of 1916. Section 365 (subdivision 2) of the New York Income Tax Law requires the executor to make the return, and section 369 makes him "subject to all the provisions of this article which apply to taxpayers," one of which (section 351-b), makes the tax a debt against the taxpayer. While the Court of Appeals wrote no opinion, it seems to us necessary to assume that they regarded the inheritance tax as "imposed" under section 360 (subdivision 2), because that was the only section which allowed the deduction. If so "imposed," it must be a duty in personam, because the income tax, as has been shown, is

*Certiorari granted 45 S. Ct. 463, 69 L. Ed. —.

a debt, and the inheritance tax, in form also a debt, could not well be deducted unless it was a debt likewise.

Our own decision in Prentiss v. Eisner, 267 F. 16, following U. S. v. Perkins, 163 U. S. 625, 16 S. Ct. 1073, 41 L. Ed. 287, compels the same conclusion. There we held that a legatee might not deduct the New York inheritance tax from his income tax. If neither he nor the executor may do so, the tax must be solely in rem, a conclusion effectively answered by section 224 above quoted. The defendant insists that the contrary is true, the New York inheritance tax being levied on one entity, and the federal income tax on another; each being an "estate" of the decedent differently conceived. It is true that the language of the statutes is not wholly clear, but we prefer to follow the customary categories while that course is left open to us. An executor is vested with the personalty of the decedent, and here we are dealing only with personalty. While it is true that the New York inheritance tax is made a lien, that may well be only for security, and in any event personal taxes normally create duties in personam, and the executor or administrator is the natural person on whom to levy them.

U. S. v. Woodward, 256 U. S. 635, 41 S. Ct. 615, 65 L. Ed. 1131, in effect holds the same thing. There the question was whether the federal inheritance tax was deductible from income under section 214 of the act of 1918 (Comp. St. Ann. Supp. 1919, § 6336⅛g), which was the same as section 5 of the act of 1916. The federal inheritance tax was by section 201 of the act of 1916 (Comp. St. § 6336½b) imposed upon the transfer of the "net estate of every decedent." By section 205 (Comp. St. § 6336½f), the executor must file the return, by section 207 (Comp. St. § 6336½h) he must pay the tax, and by section 209 (Comp. St. § 6336½j) it is made a lien. Thus the federal inheritance tax is like the New York inheritance tax, unless there is a difference between section 207 of the act of 1916 and section 224 of the New York Tax Law. We think that to say that the executor "shall pay" the tax is the same thing as to say that he shall be "personally liable" for it.

N. Y. Trust Co. v. Eisner, 256 U. S. 350, 41 S. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660, held that the New York inheritance tax was not a deduction in calculating the federal inheritance tax. That case turned on the meaning of section 203 (a) (1) of the act of 1916 (Comp. St. § 6336½d), especially the words "such other charges against the estate as are allowed by the laws of the jurisdiction * * * under which the estate is being administered." It is quite true that the reason given was that inheritance taxes were "taxes on the right of individual beneficiaries," and for that reason not "charges that affect the estate as a whole." Literally the first clause quoted contradicts U. S. v. Perkins, supra, but the cases may be reconciled by understanding that the "charges" intended are only such as are imposed on the executor as successor stricti juris, like the income tax itself, and not such as arise because he must distribute the estate, as is the inheritance tax. There was reason to impute such a distinction to Congress, since the income tax is collected yearly, while the inheritance tax is levied once and for all. Both sovereigns might well insist upon an exaction on the whole estate for the privilege of its transfer.

We express no opinion as to the result in the cases of realty, where the executor is not the successor, or even in the case of specific legacies.

Judgment affirmed.