### FARMERS' LOAN & TRUST CO. et al. v. UNITED STATES.

(District Court, S. D. New York. November 30, 1925.)

**1. Courts ☞90(4)—Court bound by decisions which are in their logical implications of controlling significance.**

In considering right to deduct state transfer taxes from income taxable by Revenue Act of 1921, §§ 210, 211 (Comp. St. Ann. Supp. 1923, §§ 6336⅛e; 6336⅛ee), court is bound by decisions which, while not deciding the precise point in question, are in their logical implication of controlling significance.

**2. Taxation ☞856—Transfer tax not tax on property or donee.**

Under Tax Law N. Y. § 224, transfer tax is a tax on neither property nor donee.

**3. Internal revenue ☞7—New York transfer tax on property specifically transferred deductible in estimating federal income tax.**

Transfer tax paid by executor under Tax Law N. Y. § 224, on transfer of real and personal property specifically devised and bequeathed, is deductible in estimating net income of estate under Revenue Act 1921, §§ 210, 211, 214, 219 (Comp. St. Ann. Supp. 1923, §§ 6336⅛e, 6336⅛ee, 6336⅛g, 6336⅛ii).

**4. Internal revenue ☞7—Statute enumerating taxes excepted from its provisions implies purpose not to except others.**

Revenue Act 1921, § 214 (Comp. St. Ann. Supp. 1923, § 6336⅛g), providing for deduction of taxes paid within taxable year in determining taxable income, and enumerating taxes excepted, implies a purpose not to except others.

At Law: Action by the Farmers' Loan & Trust Company and Moritz Wormser, as executors of the estate of Julia Seligman, to recover from the United States the sum of $4,741.75, with interest, alleged to have been erroneously assessed and collected as an income tax upon the estate of Julia Seligman, deceased, under the provisions of the Revenue Act of 1921. On the pleadings both parties moved for judgment. Motion of plaintiffs granted; other motion denied.

Geller, Rolston & Blanc, of New York City (C. Alexander Capron and Russell L. Bradford, both of New York City, of counsel), for plaintiffs.

Emory R. Buckner, U. S. Atty., of New York City (F. C. Bellinger, Asst. U. S. Atty., of New York City, of counsel), for the United States.

THACHER, District Judge. Julia Seligman, a resident of New Jersey, died on or about the 28th day of March, 1921. Among the assets of her estate were the following: Real estate in New York state of the value of $160,000; personal jewelry in New York state of the value of $61,500. Under the terms of her will the New York real estate was devised to a named devisee, and the jewelry was bequeathed to named legatees. The will granted to her executors the power to sell real estate, and directed that all transfer and inheritance taxes should be paid from the residuary estate. The executors paid the New York transfer taxes upon the transfer of the real estate and jewelry, and in making return of the net income of the estate for federal income tax purposes deducted the amount thereof. This deduction was disallowed, additional taxes were assessed, and these taxes were paid under protest. The sole question presented for decision is whether or not such taxes are deductible in estimating the net income of the estate under the Revenue Act of 1921 (42 Stat. 227).

In Keith v. Johnson, 3 F.(2d) 361, the Circuit Court of Appeals in this circuit has decided that New York transfer taxes imposed upon the transfer of personalty *not* specifically bequeathed are deductible by the executors of the estate in making return of the

net income of the estate under the income tax provisions of the Revenue Act of 1918 (40 Stat. 1057). The question whether such taxes, based upon the transfer of real estate or of personal property specifically bequeathed, might thus be deducted, was not decided in that case, and was expressly reserved in the opinion of the court. The questions there reserved now arise for decision under the Revenue Act of 1921.

Section 219 of that act provides:

"(a) The tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

"(1) Income received by estates of deceased persons during the period of administration or settlement of the estate. * * *

"(b) The 'fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except" (the exceptions being inapplicable in this case) Comp. St. Ann. Supp. 1923, § 6336⅛ii.

By sections 210 and 211, normal taxes and surtaxes are imposed upon "the net income of every individual." The term "net income," as defined in section 212 (Comp. St. Ann. Supp. 1923, § 6336⅛f), is the gross income as defined in section 213 (Comp. St. Ann. Supp. 1923, § 6336⅛ff) less the deductions allowed by section 214 (Comp. St. Ann. Supp. 1923, § 6336⅛g). Among the deductions allowed by section 214 is the following:

"(3) Taxes paid or accrued within the taxable year except" (the exceptions being inapplicable here).

"For the purpose of this paragraph estate, inheritance, legacy, and succession taxes accrue on the due date thereof, except as otherwise provided by the law of the jurisdiction imposing such taxes."

It is insisted in behalf of the government that the New York transfer tax paid upon the transfer of personal property included in a specific legacy, or upon the transfer of real estate, must be excepted from the rule in Keith v. Johnson, supra, because it is contended that, when such taxes are paid by the executor, they are not paid for the account of the estate or entity upon which the federal income tax is levied, and therefore are not deductible in determining the net income which is the basis of the tax. In support of this contention it is claimed that in the case of a legacy of specific personal property

the executor may require payment of the amount of the tax from the legatee before delivering the legacy, and that in the case of a legacy charged upon or payable out of real property he may require payment from the heir or devisee. Section 224 of the Tax Law of the state of New York (Consol. Laws, c. 60). In each case it may be said the beneficiary receives specific property, and is obligated to pay the executor the transfer tax thereon. Because specific property is received without deduction of the tax, it is argued that the tax, when paid by the executor, is not paid for the account of the estate, but for the account of the legatee.

[1] The argument is plausible, but I believe unsound, because it rests upon the form, not upon the substance, of the transaction. In its consideration the court is bound by decisions which, while not deciding the precise point here in question, are in their logical implications of controlling significance. In U. S. v. Perkins, 163 U. S. 625, 16 S. Ct. 1073, 41 L. Ed. 287, it was held that a legacy to the United States was subject to the New York transfer tax, upon the theory that the tax was not a tax upon the legacy, but was "in reality a limitation upon the power of a testator to bequeath his property to whom he pleases; a declaration that, in the exercise of that power, he shall contribute a certain percentage to the public use; in other words, that the right to dispose of his property by will shall remain, but subject to a condition that the state has a right to impose. * * * Thus the tax is not upon the property, in the ordinary sense of the term, but upon the right to dispose of it, and it is not until it has yielded its contribution to the state that it becomes the property of the legatee."

In Prentiss v. Eisner (C. C. A.) 267 F. 16, following the reasoning in U. S. v. Perkins, supra, it was held that a legatee could not deduct the New York inheritance tax upon his federal income tax return. In U. S. v. Woodward, 256 U. S. 632, 41 S. Ct. 615, 65 L. Ed. 1131, it was held that federal inheritance taxes are deductible under the income tax provisions of the Revenue Act of 1918.

In Home Trust Co. v. Law, 204 App. Div. 590, 198 N. Y. S. 710, affirmed 236 N. Y. 607, 142 N. E. 303, the New York inheritance tax was allowed as a deduction in computing the net income of a decedent's estate under the provisions of the New York income tax law, which are substantially similar to the provisions of the federal income tax law. In

that case the court regarded the state transfer tax and the federal estate tax, although differing in respect to the rates charged, the exemptions permitted, and the deductions authorized, as well as in other particulars, as of the same intrinsic nature and purpose, and it was concluded "that, since the one tax is deductible from the gross revenue to determine the taxable net income of an estate under the federal law, the other tax should be held to be deductible to determine the taxable net income of an estate under the state law." As already noted, in Keith v. Johnson, supra, the Circuit Court of Appeals of this circuit held that the New York transfer tax paid by the executors upon the transfer of personal property not specifically bequeathed is deductible by the executors in estimating the federal income tax upon the estate.

[2] The New York transfer tax is neither a tax on the property or the donee, and so far as the donee is concerned he does not pay a tax, but receives his legacy or devise diminished by the amount of the tax which is deducted therefrom. Judge A. N. Hand, writing in Prentiss v. Eisner, in this court (260 F. 589), said:

"To say that the legatee, devisee, heir, or distributee receives the property without any deduction and then pays the tax is really a most artificial way of viewing the transaction. In the case of personal property he really only gets the balance, with a credit as a matter of convenient bookkeeping to the amount of the tax. In the case of real estate he receives, properly speaking, an equity. He can pay the tax and get the land freed from the incumbrance, or the state can foreclose the lien and he will receive the balance. In either case the only natural way to treat him is as a recipient of a net amount. The condition of the devolution of the property is the receipt of the transfer tax by the state."

So far as the executors are concerned, their payment to the state of this deduction from the principal of the gift is regarded as the payment of a tax which they may deduct from the income of the estate. However illogical it may seem to thus treat the tax as a deduction from the principal of the legacy, and at the same time to treat it as an expenditure chargeable to the income of the estate, this seems to be the law, under the statute and the decisions construing it, at least to the extent of deductions made from cash legacies under section 224 of the New York Tax Law. If there be illogic in this, it does not result from any inconsistencies in the decisions, but from the statute itself,

which allows deductions from the gross income of all taxes paid within the year, including inheritance and transfer taxes. U. S. v. Woodward, 256 U. S. 632, 41 S. Ct. 615, 65 L. Ed. 1131.

[3] This construction of the Revenue Act of 1918 is confirmed in the Revenue Act of 1921, which in terms recognizes that such taxes may be deducted in defining the time of their accrual. See section 214 (3) of the Revenue Act of 1921. Since it is the law, in this court, at least, that New York inheritance taxes upon general legacies are deductible, there can be no reason in excepting from this rule taxes upon the transfer of real estate or personalty specifically bequeathed, unless the exception is to be based, not upon the nature of the tax or the obligation to pay it, but merely upon the form which the transaction necessarily takes, so that the identity of specific property may be preserved. The nature of the tax is not changed by the fortuitous circumstances that the property is transferred in kind, or that the amount of the tax is refunded to the executor, instead of being deducted by him before delivery of the legacy. In contemplation of law there are no distinctions, except in form, between the two transactions, and these distinctions are not recognized in the statute permitting the deduction.

[4] In providing for the deduction of "taxes paid within the taxable year," the statute in an excepting clause enumerates what taxes are to be excepted, which implies a purpose not to except others. U. S. v. Woodward, 256 U. S. 632, 41 S. Ct. 615, 65 L. Ed. 1131. Such taxes as those here in question are not within the exception, and the courts cannot add exceptions to those specifically enumerated by Congress. The executors were required to pay the taxes as an incident in the administration and settlement of the estate. They were paid, not for the account of the devisee and legatees, but in reality for the decedent's account as a tax upon her right to transmit. If paid by the decedent during her lifetime, there would be no question of her right to deduct, and, being imposed upon her act of transfer consummated by her death, it is not without reason to permit, as the statute does, the deduction by her executors, regardless of the form in which the property passes to her legatee and devisees. The statute permitting the deduction, the nature of the tax deducted, and the obligation to pay it imposed upon the executors being precisely the same as in Keith v. Johnson, supra, I can see no reason in re-

fusing to apply the rule of that case to the taxes here involved.

The motion of the plaintiff is therefore granted, and the motion of the defendant is denied.