### JACKSON v. PRICE.

District Court, E. D. New York.
March 9, 1934.

William Murray, of Brooklyn, N. Y., for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Albert D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for defendant.

BYERS, District Judge.

Action at law to recover $9,844.92 principal and $2,086.51 interest, with interest, paid as an alleged deficiency in income tax for 1923.

The question for decision is whether the plaintiff, as residuary legatee under the will of William P. Talbot deceased, was entitled to a deduction, from his 1923 income as such legatee, of the amount of the New York state transfer tax upon his legacy, which tax was paid in that year.

The stipulated facts are quite simple: The executors under the Talbot will received for the taxable year, income belonging to the plaintiff as residuary legatee, amounting in all to $73,374.67.

They paid out:

| | | |
|---|---|---|
| Losses in principal | $17,729.11 | |
| Interest charges | 7,291.39 | |
| Payment to New York State Tax Commission on account of transfer tax | 60,000.00 | |
| Income paid to plaintiff | 59,595.62 | $144,616.12 |

Manifestly the executors paid out more than they received as income during 1923.

For that year they filed an income tax return on form 1040, showing that they had received as income the sum first above mentioned ................................. $73,374.67

That they had paid:

| | | |
|---|---|---|
| Interest | $ 7,291.39 | |
| Taxes (as above) | 60,000.00 | |
| Loss of principal (as above) | 17,729.11 | $85,020.50 |

No net income.

The plaintiff filed a return of income for the same year, containing items other than the $59,595.62 so received by him from the said executors; in connection with "Other income" his return stated as follows: "Monies received from executor of estate not included because estate now in process of administration and taxed as an entity."

The other items set forth in his return exceeded the legal deductions, and consequently a tax was reported and paid.

In January of 1928, the plaintiff was advised that a deficiency tax had been determined against him, based upon the said fiduciary income of $59,595.62, and a bill therefor was thereafter rendered, made up of the items stated in the opening paragraph hereof; that bill was paid to the defendant on February 28, 1928, and a claim for refund was filed March 8, 1928.

Rejection of the claim was thus explained in November, 1928: "Inasmuch as the estate and inheritance taxes in the instant case were claimed and paid by the estate, under the provisions of section 703 (a) of the Revenue Act of 1928 [26 USCA § 2703 (a)], such taxes are not deductible in determining the net income of the beneficiary."

It may be observed here, that the Revenue Act of 1928 was approved May 29, 1928, about six months after the determination of deficiency, which was dated December 31, 1927, and over four years after the income in question had been received. Of course section 703 of the Act of 1928 (26 USCA § 2703) was not relied upon when the assessment was made, and otherwise is of no assistance in deciding the case.

Reconsideration was sought and denied April 8, 1929, thus:

"After careful consideration of the entire record in the case, this office is of the opinion that during the years in question the property, which would ultimately comprise the residue of the Estate, had not yet passed to the taxpayer, and the estate as represented by the executors was a separate and distinct taxable entity during such period. Such being the case it cannot be successfully contended that the taxes paid by the Estate were from funds belonging to the taxpayer, but instead from the funds of the Estate, and having been claimed by the Estate as a deduction on its income tax returns, the taxes in question cannot be allowed as a deduction to the beneficiary, the present taxpayer.

"The fact that amended returns have been filed in no wise affects the case as indicated in I. T. 2464 published in Volume 8, No. 12, March 25, 1929. * * * "

The amended returns last above referred to were as follows:

As to the executors, form 1041 was employed, showing:

| | | |
|---|---|---|
| Total income | | $72,853.97 |
| Interest paid | $ 7,291.39 | |
| Loss (principal) | 17,729.11 | 25,020.50 |
| | | $47,833.47 |

Beneficiaries share, etc.:

| | |
|---|---|
| Rickard G. Jackson | $59,595.11 |
| Brooklyn Trust Co., etc., deficit | 11,761.64 |

As to the plaintiff, form 1040 was used, showing:

Income

| | | |
|---|---|---|
| Salary (explained) | $ 4,385.84 | |
| Talbot estate | 59,595.11 | |
| Total | | $63,980.95 |

Deductions

| | | |
|---|---|---|
| New York state income tax | $ 12.69 | |
| Real estate tax | 204.00 | |
| New York transfer tax | 60,000.00 | |
| Interest paid | 314.00 | 60,530.69 |
| Net income | | $ 3,450.26 |
| Deduction for personal exemption and credit of | | 2,900.00 |
| Balance income taxable | | $ 550.26 |

The latter item was lower than the amount reported by the plaintiff originally in his return for the year 1923.

It will be seen that the government has taken the view that, under the returns as originally filed, the payment of the New York transfer tax by the executors must be so construed as to deprive the plaintiff of the benefit of a deduction therefor, because the fiduciary income is not regarded as having been tax free in his hands.

This is what the letter of April 8, 1929,

means, if presently understood. In order to justify that conclusion, the Commissioner, true to the instincts of the tax gatherer, has, to his own satisfaction, made two incomes grow where one grew before:

A. The income from the residuary estate in the hands of the executors during 1923.

B. The income paid by the executors during that year.

The trouble with that concept is that both sources of revenue occupied the same space; they were co-existent; they were co-extensive; they were identical.

It becomes necessary to inquire whether the New York transfer tax paid during 1923 constituted a deductible item from income received that year.

The applicable statute was the Revenue Act of 1921 (42 Stat. 227), which provided, in section 214, that, among deductions allowed to individuals, were included:

"Taxes paid or accrued within the taxable year except * * * (taxes not here involved).

"For the purpose of this paragraph estate, inheritance, legacy, and succession taxes accrue on the due date thereof except as otherwise provided by the law of the jurisdiction imposing such taxes."

Section 219 provides that the net income of an estate is computed in the same manner and upon the same basis as for an individual.

Thus clearly revealed is the purpose to permit the deduction of such a tax as the New York transfer tax, from the income received during the year of accrual. See Farmers' Loan & Trust Co. v. U. S. (D. C.) 9 F.(2d) 688, and cases therein discussed.

It is stipulated that $60,000.00 was paid by these executors during the calendar year 1923 on account of the New York transfer tax, and at the time of payment it had accrued and was due and payable.

Therefore the item was a proper deduction from income for the year 1923. Since this is so, there remains to be seen whether such deduction has been allowed. Said section 219 deals with "Estates and Trusts," as to which an income tax must be paid. The applicable subdivisions are:

"(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;"

"(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals * * *."

It is unnecessary to dwell upon the question of whether subdivision (1) or (4) applied to the facts as they existed in 1923. This plaintiff was vested of the residuary estate created by the Talbot will, which was probated during the year 1923. That residue was to be held in trust for his life, subject to the termination of the trust upon his reaching the age of 40 years, when the principal was to be conveyed to him by the trustees. The executors were the same persons as the trustees; whether the income in question was received and had to be reported for income tax purposes, as having been received during the period of administration or settlement—upon the theory that such period would continue until the executors accounted as such, and took up their separate duties as trustees—or whether the income for 1923 was regarded as subject to distribution to the plaintiff periodically, seems to be unimportant for present purposes.

If the first subdivision applied, the executors were required to pay the income tax, after which the income was tax-free in the plaintiff's hands. (See article 344, Income Tax Regulations 62.)

If subdivision (4) governed, the income was taxable directly to the beneficiary. (See article 345, Income Tax Regulations 62.)

In other words, there was one income tax payable on the income, either by the executors, or by the beneficiary; not two incomes, or two taxes.

It is requisite to bear in mind the precise character of the New York state transfer tax, during the year 1923. That it was an exaction by the state of a price for permitting a decedent to make testamentary disposition of his property, seems to have been decided in U. S. v. Perkins, 163 U. S. 625, 16 S. Ct. 1073, 41 L. Ed. 287; Prentiss v. Eisner (C. C. A.) 267 F. 16; Farmers' Loan & Trust Co. v. U. S., supra; and Keith v. Johnson, 271 U. S. 1, 46 S. Ct. 415, 70 L. Ed. 795.

In the latter case, it was said below [(C. C. A.) 3 F.(2d) 361] that section 220 of the New York Tax Law (Consol. Laws c. 60) is "ambiguous in respect of its incidence," i. e., the incidence of the transfer tax; in consequence of the decision in that case, it cannot be said that the instant levy was an impost upon the transferee—the plaintiff. Deduction by the personal representatives, from income received during the year in which the tax had been paid, was sanctioned in the last two cases above referred to; hence these executors were acting in accord with the authorities when they claimed, as a deduction, the tax payment made by them, as set forth

in the first return which they filed for the year 1923.

Whether they were required to assert the deduction in order to avoid tax liability as a practical matter, is of no moment. The fact is that they did assert it, and filed a return which disclosed no tax liability. The income in their hands was thereby demonstrated to be free from federal income tax, and it did not become something else in the hands of the beneficiary. It was always his income, from the time that it arose, and never changed its essential character through being handled by the executors. Matter of Talbot, 215 App. Div. 724, 212 N. Y. S. 506.

While the legal title to the securities constituting the residue of the estate was in the executors, and hence the income therefrom, the property, in a larger and truer sense, was always in the residuary legatee, and the naked legal title of the executors was only such as was requisite to enable them to perform their functions.

Since the income for 1923, through legal deductions, was exempt from federal income tax for that year, the collector was without power to impose such a tax, and his action in so doing was without legal sanction.

The fallacy of the collector's reasoning as set forth in his letter of April 8, 1929, is comprehended in the statement that "the property which would ultimately comprise the residue of the estate had not yet passed to the taxpayer * * *." On the contrary, the property in the residue had passed to the taxpayer on the date of the testator's death, and the dimensions thereof alone remained to be determined as the result of the process of administration.

The defendant's briefs make frequent reference to the two tax entities, namely, the estate, i. e., the executors, and the beneficiary. So much may be conceded arguendo; but multiple entities did not give rise to multiple incomes—that is the fact which confronts the defendant, and which deprives the assessment of validity.

However convenient it may be, for purposes not here involved, to visualize personal property under fiduciary administration as something apart from those who own it (Anderson v. Wilson, 289 U. S. 20, 53 S. Ct. 417, 77 L. Ed. 1004), that concept cannot function so as to create something which does not exist, namely, two incomes from one property.

The collector has disregarded the supplemental or amendatory returns, and his determination is entitled to adjudication upon the theory adopted by him, which is found to be based upon a fallacy. As to the various returns, it is thought that they present matter of form, not substance, and that the controversy turns upon the latter. The determination is that the assessment of the alleged deficiency tax was invalid, and that the plaintiff is entitled to judgment in accord with the prayer of his complaint, and as contemplated by U. S. Rev. Stat. 989 (28 USCA § 842); this opinion may be construed as the applicable certificate under that statute.